IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JESUS MIGUEL GUZMAN, JR., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 7:25-cv-00041-O-BP |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a civil rights Complaint on April 21, 2025 in the Dallas Division of the Court. ECF No. 3. United States Magistrate Judge Renee Harris Toliver transferred the case to the Wichita Falls Division on April 25, 2025 by electronic order. ECF No. 5. The case was automatically referred to the undersigned under Miscellaneous Order No. 6 on that same date.

The Court noted that Plaintiff had neither paid the $405.00 filing fee nor applied to proceed *in forma pauperis*. On April 30, 2025, the Court ordered Plaintiff either to pay the $405.00 filing fee or file a motion for leave to proceed *in forma pauperis* on the Court's form before May 14, 2025. ECF No. 8. The Court also warned Plaintiff that "[f]ailure to timely pay the applicable fees or file a complete IFP application by May 14, 2025 could result in dismissal of this case without further notice" *Id.* at 1. Plaintiff did not comply with the Court's order by the May 14 deadline. On May 15, 2025, the Court *sua sponte* extended the deadline to pay the filing fee or file a motion for leave to proceed *in forma pauperis* to on or before May 28, 2025. ECF No. 9. As of the date of this Order, Plaintiff has not complied with the Court's orders by paying the filing fee or filing a motion for leave to proceed *in forma pauperis*.

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court should consider the amount of money available to an inmate in his prison trust account or from other sources. *See Simon v. Quarterman*, No. 3:07-cv-1793-D, 2007 WL 4167943, at *1 (N.D. Tex. Nov. 20, 2007). Plaintiff has not sought leave to proceed *in forma pauperis* and has provided no evidence upon which the Court could permit him to proceed without paying the filing fee.

The Court ordered Plaintiff to take specific action to proceed in this case, including either paying the filing fee or filing a motion to proceed *in forma pauperis*, and warned him that failure to do so might result in the dismissal of this case without further notice. Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order…." Fed. R. Civ. P. 41(b). Plaintiff did not comply with the Court's orders on April 30 and May 15, 2025. However, because nothing indicates Plaintiff's noncompliance stems from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996).

Accordingly, the undersigned **RECOMMENDS** that United States District Judge O'Connor **DISMISS** Plaintiff's Complaint **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or to comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on June 3, 2025.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE